US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 28 2011

CHRIS R. JOHNSON, Clerk
By
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 11- 2184 |
| v. ) ) | C O M P L A I N T |
| BIG LOTS STORES, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Lacey Deaton and a class of other female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8 and 10 below, the Commission alleges Defendant Big Lots Stores, Inc., subjected Ms. Deaton and a class of female employees to sexual harassment.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Western District of Arkansas, Fort Smith Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Big Lots Stores, Inc. (the "Employer" or "Defendant"), has continuously been an Ohio corporation doing business in the State of Arkansas and the City of Fort Smith, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Lacey Deaton filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least April 2010, Defendant Employer has engaged in unlawful employment practices at its Fort Smith, Arkansas store, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8.  The unlawful employment practices involved subjecting Ms. Lacey Deaton to unwelcome sexual harassment because of her sex, female.

a. Defendant hired Ms. Deaton as a part-time, temporary Associate in December 2007 and promoted her to a full-time Customer Service Specialist in August 2009.

b. Mr. Robert Muntz was the Store Manager, and he supervised Ms. Deaton.

c. Around July 2009, Mr. Muntz began sexually harassing Ms. Deaton.

d. Among other things, Mr. Muntz continually asked to see Ms. Deaton's breast.

e. Mr. Muntz offered Ms. Deaton money if she complied with his requests.

f. The unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Ms. Deaton's employment and to create a sexually hostile work environment.

g. In October 2009, Ms. Deaton called Defendant's corporate office and complained about Mr. Muntz's sexual harassment.

h. Defendant investigated Ms. Deaton's complaint and counseled Mr. Muntz regarding his behavior.

i. Defendant failed to take appropriate remedial measures to protect Ms. Deaton from sexual harassment.

j. Although Mr. Muntz's harassment of Ms. Deaton stopped temporarily, he eventually resumed his sexually harassing behavior.

k. In June 2010, Ms. Deaton reported Mr. Muntz's sexual harassment for the second time.

l. Defendant conducted an investigation and fired Mr. Muntz around July 31, 2010.

m. Defendant is strictly liable for the sexual harassment of Ms. Deaton

because of Mr. Muntz's status as Store Manager at Defendant's Fort Smith, Arkansas facility.

9. The effect of the practices complained of in paragraphs 8(a)-(m) has been to deprive Ms. Deaton of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

10. The unlawful employment practices also involved subjecting a class of female employees to unwelcome sexual harassment because of their sex, female.

   a. Defendant employed other female employees as Cashiers, Stockers, and Customer Service Specialists.

   b. The Store Manager, Mr. Robert Muntz, supervised all of the female employees.

   c. Mr. Muntz commented about the appearance of the female employees' breasts.

   d. Mr. Muntz asked to see the female employees' breasts.

   e. Mr. Muntz asked to touch some of the female employees' breasts.

   f. Mr. Muntz offered to show some of the female employees his penis if they would show him their breasts.

   g. Mr. Muntz asked some of the female employees to text him a picture of their breasts.

   h. Mr. Muntz touched or attempted to touch some of female employees' breasts.

   i. Mr. Muntz took pictures of at least one female employee's breasts.

   j. Mr. Muntz sent sexually explicit text messages to some of the female employees.

      k.      Mr. Muntz sent pictures of his penis to at least one female employee.

      l.      Mr. Muntz offered to provide more favorable work schedules to some of the female employees if they complied with his sexual requests.

      m.      Mr. Muntz threatened to provide a less favorable work schedule to at least one female employee if she refused to comply with his sexual requests.

      n.      The unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of the class of female employees' employment and to create a sexually hostile work environment.

      o.      The female employees reported Mr. Muntz's harassment to other managers within the store.

      p.      Defendant failed to take appropriate remedial measures to protect a class of female employees from sexual harassment.

      q.      Defendant is strictly liable for the sexual harassment of a class of female employees because of Mr. Muntz's status as Store Manager at Defendant's Fort Smith, Arkansas facility.

11. The effect of the practice(s) complained of in paragraph(s) 10(a)-(q) above has been to deprive a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

12. The unlawful employment practices complained of in paragraphs 8 and 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 8 and 10 above were done with malice or with reckless indifference to the federally protected rights of a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment and any other employment practice which discriminates on the basis of sex, female.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole a class of female employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Lacey Deaton and a class of female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 10 above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Lacey Deaton and a class of female employees, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.	Order Defendant Employer to pay Lacey Deaton and a class of female employees punitive damages for its malicious and reckless conduct described in paragraphs 8 and 10 above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Faye A. Williams*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

*/s/ Joseph Crout*
JOSEPH CROUT
Supervisory Trial Attorney
TN Bar No.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone:	(901) 544-0136