IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                                    PLAINTIFF

v.                              Case No. 2:11-CV-02184

BIG LOTS STORES, INC.                                                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant's Motion for Entry of Confidentiality Order (Doc. 18) and Plaintiff's Response in Opposition (Doc. 20). The parties are apparently in agreement that a confidentiality order should enter in this case, but they disagree as to certain provisions in Defendant's Proposed Order (Doc. 19-1). The Court has reviewed Defendant's Proposed Order and Plaintiff's objections.

The Court finds that Defendant's Motion for Entry of Confidentiality Order (Doc. 18) should be **GRANTED IN PART AND DENIED IN PART**. A Final Confidentiality Order that is based upon the text of Defendant's Proposed Order is set forth below. The Court has modified Defendant's Proposed Order to address Plaintiff's objections and the Court's concerns, and those modifications are discussed herein.

I. Objections to Defendant's Proposed Order

   A. Paragraphs 3 and 5

Plaintiff initially objected to Paragraphs 3 and 5 of Defendant's Proposed Order, but subsequently retracted those objections. *See* Doc. 20, pp. 6-7. Accordingly, Paragraphs 3 and 5 of the Proposed Order shall be included in the Court's Final Order.

   B. Paragraph 6

In Paragraph 6 of the Proposed Order, entitled "Use of Confidential Material at Depositions," all deposition transcripts are to be deemed confidential for a 20-day period following delivery of such transcripts to counsel. Plaintiff objects that this requirement is too burdensome. However, the Court finds that good cause exists to order this temporary 20-day period of protection for all deposition transcripts. A 20-day period would allow counsel an adequate opportunity to review deposition transcripts and identify and redact confidential information prior to publication. These protections are, in the Court's view, appropriately tailored to safeguard confidential information contained in personnel files of non-parties whose data may be referenced in the course of depositions. *See Smith v. Walley*, 2011 WL 3108329, *3 (E.D. Ark. July 26, 2011) (finding good cause to enter confidentiality order for "business records, payroll records, internal auditing reports and investigations, and personnel-type records as well as tax and financial information" containing confidential and proprietary data).

According to Paragraph 6, the "confidential" designation of deposition transcripts would expire within a relatively brief time period, and prior to that expiration, should the parties wish to designate any portion of a deposition transcript as confidential, counsel would have the option of making confidential designations "by page and line number (insofar as practicable)..." (Doc. 19-1, p. 6). For all of these reasons, Paragraph 6 of Defendant's Proposed Order shall be included in the Final Order.

### C. Paragraph 8

Plaintiff objects that Paragraph 8, entitled "Presentation of Confidential Material to the Court," designates in subsection (a) that any party seeking to file with the Court any documents marked "confidential" must do so under seal. Plaintiff points out that simple redaction of

confidential information would adequately address confidentiality concerns with respect to documents filed with the Court; and in the event that the moving party felt redaction was inadequate to protect all confidentiality interests, a motion could be made to file the entire document, or portions thereof, under seal, pursuant to Fed. R. Civ. P. 5.2. The Court agrees that Paragraph 8(a) sets forth procedures that are either duplicative or contrary to Fed. R. Civ. P. 5.2, and for that reason, Paragraph 8(a) is improper and shall be stricken.

In Paragraph 8(b) of the Proposed Order, Defendant outlines procedures to be observed during hearings or at trial of this action with regard to the parties' or the Court's treatment of materials that have been deemed confidential. However, courtroom procedures, whether at trial or otherwise, are left to the discretion of the Court. If the parties have concerns as to how they or the Court should treat at trial the materials that have been designated confidential, the parties have the option of filing the appropriate motion, including a motion *in limine* prior to trial, to address these concerns. Accordingly, Paragraph 8(b) shall be stricken as duplicative of the processes already contemplated by the Federal Rules of Civil Procedure.

### D. Paragraph 9

Paragraph 9 of the Proposed Order is objected to by Plaintiff as "superfluous and unnecessary." (Doc. 20, p. 7). Paragraph 9 describes procedures that parties would follow in the event of an inadvertent disclosure of confidential material. The Court finds that this Paragraph is proper and necessary for the continued protection of the parties' confidential, proprietary materials, particularly personnel documents. Accordingly, Paragraph 9 shall be included in the Court's Final Order.

### E. Paragraph 10

Paragraph 10 describes procedures that the parties must use in order to address the inadvertent disclosure of attorney work product or other privileged information. The Court agrees with Plaintiff that Fed. R. Civ. P. 26(b)(5)(B) adequately provides the parties with remedies in the event that such information is inadvertently disclosed. The Court is required to "only grant as narrow a protective order as is necessary under the facts." *Reese v. Reyes*, 2008 WL 2186330, *1 (W.D. Ark. May 23, 2008) (*citing Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991)). Including Paragraph 10 in the Final Order would create duplicative reporting burdens on the parties, considering the burdens already required of them pursuant to the federal practice rules. Accordingly, Paragraph 10 of the Proposed Order shall be stricken from the Court's Final Order.

**F. Paragraphs 12 and 13**

The Court *sua sponte* strikes Paragraphs 12 and 13 of the Proposed Order, as they place burdens upon this Court which are beyond the parties' authority to impose. Paragraph 12 requires counsel to "promptly report...to this Court" any violations of the confidentiality order. Such a reporting requirement is contrary to the Federal Rules of Civil Procedure observed by this Court. Any violation of the Court's Final Confidentiality Order – or any discovery-related dispute for that matter – must be addressed by the parties as per the Federal Rules, namely, by first attempting to confer and come to an agreement without Court assistance, and next by filing the appropriate motion with the Court in the event the parties are unable to resolve the discovery dispute on their own. In similar fashion, Paragraph 13 of the Proposed Order attempts to mandate that the Court retain jurisdiction "over the Parties and any other person who has had access to Confidential Material pursuant to this Order," even "[a]fter the conclusion of this Action." (Doc. 19-1, p. 9). The Court will not be bound by such a requirement. Accordingly, Paragraphs 12 and 13 of the Proposed Order

shall be stricken.

### G. Paragraph 16

Paragraph 16 of Defendant's Proposed Order states: "Any violation of the terms of this Protective Order may result in sanctions to be fixed by the Court in its discretion." (Doc. 19-1, p. 10). Such a statement is wholly unnecessary in light of the sanctions provisions set forth in Fed. R. Civ. P. 37. Paragraph 16 shall be stricken from the Final Order.

## II. Conclusion

Defendant's Motion for Entry of Confidentiality Order (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**. The Court adopts Paragraphs 1-7, 9, 11, 14, and 15 of Defendant's Proposed Confidentiality Order (Doc. 19-1) and strikes Paragraphs 8, 10, 12, 13, and 16. The Final Confidentiality Order of the Court shall be as follows:

**IT IS HEREBY ORDERED**:

This Confidentiality Order governs the designation and handling of confidential documents and information produced in this litigation and protects against the unnecessary disclosure of confidential and/or proprietary information, such as, but not limited to, medical records and personnel documents regarding Plaintiff, Defendant, or Defendant's present and former employees. Nothing in this Confidentiality Order requires disclosure of information. This Confidentiality Order shall remain in effect for the duration of the above-captioned litigation unless otherwise ordered by the Court or agreed by the Parties.

1. <u>Definitions</u>. For the purpose of this Order, the following Definitions shall apply:

a. "Action" shall mean the above-captioned action, *Equal Employment Opportunity Commission v. Big Lots Stores, Inc.*, Civil Action No. 2:11-cv-02184, pending in the United States

District Court for the Western District of Arkansas, Fort Smith Division and, if applicable, all subsequent appellate, review, remand, and severed proceedings related thereto.

  b. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

  c. "Parties" shall mean the named parties to this Action.  A "Party" shall mean any of the Parties.

  d. "Third Party" shall mean any natural person, partnership, corporation, association or other legal entity that is not a named Party, as defined above, to this Action.

  e. "Producing Party" shall mean any Party or Third Party that produces, intends to produce or has been requested, subpoenaed or otherwise required to produce any Confidential Material, as hereinafter defined, in this Action.

  f. "Receiving Party" shall mean any Party that receives any Confidential Material, as hereinafter defined, in this Action.

  g. "Confidential Material" shall mean all material that a Party asserts in good faith to be of a proprietary business or confidential nature and which the Party would not normally reveal to competitors and/or other Third Parties, or which the Party would cause Third Parties to maintain in confidence, including but not limited to the following examples:

   i. medical records;

   ii. personnel files;

   iii. company forms, manuals and guides;

      iv.      information subject to confidentiality or non-disclosure agreements;

      v.      information that is protected by rights of privacy under state and federal constitutions; and,

      ix.      any other information that would qualify as confidential pursuant to the Federal Rules of Civil Procedure or any other applicable legal standard.

    2.    <u>Use of Confidential Material</u>.

    a.    Confidential Material received by a Party shall be used by that Party and its counsel solely for purposes of this Action and shall not be used for any other purpose, including without limitation any business, commercial, or personal purpose.

    b.    This Order shall not be deemed to preclude or affect a Producing Party's use of its own Confidential Material, for any purpose, or a Party's use of any documents, materials or information obtained independently of discovery in this Action.

    c.    The Parties, in conducting discovery from Third Parties, shall attach to such discovery requests a copy of this Order and a cover letter that will apprise such Third Parties of their rights hereunder.

    3.    <u>Designation of Confidential Material</u>.

A Producing Party may designate material as Confidential Material by placing on or affixing to it (or otherwise declaring, if affixation is not practical), in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on each page or part of the document or thing containing Confidential Material. Such a designation shall constitute a good-faith representation by counsel for the Producing Party that the document or thing constitutes or contains Confidential Material. Such a designation shall, where practicable, be made prior to or contemporaneously with

production or disclosure except in the case of depositions and except in other circumstances where such contemporaneous designation by affixation is not practicable, in which case the Producing Party shall make the designation as soon as practicable after production. Depositions shall be designated as Confidential Material as set forth herein. To the extent the Parties have produced material before the entry of this Order, all such material shall be deemed "Confidential Material" regardless of whether it is so marked.

    4.    <u>Disclosure of Confidential Material</u>.

    a.    Confidential Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except:

    i.    The Court and its personnel;

    ii.    The Parties;

    iii.    Counsel to the Parties;

    iv.    Clerks, paralegals, secretaries and other persons employed by such Counsel to provide litigation support regarding this Action;

    v.    Experts and professional consultants who have been retained by the Parties' counsel and who have a need to know said Confidential Material in order to assist Counsel in this litigation, including preparation for the trial.

    vi.    Court Reporters and deposition transcript reporters;

    vii.    Any of the author(s) and recipient(s) of such Confidential Material, as indicated on the face of the document, record or thing or as otherwise established; and

    viii.    A potential witness whose deposition is being taken, provided that witness:

Case 2:11-cv-02184-PKH   Document 24   Filed 08/23/12   Page 9 of 13 PageID #: 386

  (a) has personal knowledge as to the substance of the Confidential Material, provided that non-parties do not receive copies of the documents or otherwise record for their use any information contained in the documents; or

  (b) is an expert who is designated by a Producing Party or who is entitled to access to such Confidential Material under the terms of this Order; or

  (c) is a designated corporate representative witness.

  Counsel for the Parties and/or their staff shall at all times have and maintain physical custody and control over all Confidential Material and also be responsible for ensuring that such Material does not leave their custody and/or is not disclosed orally. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

  5. <u>Disclosure to Experts</u>.

  a. Prior to disclosing or seeking to disclose any Confidential Material to any Expert, counsel for the Party in question shall determine that disclosure to such Expert of such Confidential Material is, in that counsel's good faith judgment, reasonably necessary to that counsel's representation of a Party in this Action.

  b. Confidential Material shall not, directly or indirectly, be disclosed or otherwise provided to an Expert unless such Expert executes an Agreement to Abide by Protective Order in the form attached hereto and agrees:

  i. to maintain the security of such Confidential Material when such Confidential Material is not being reviewed;

  ii. to return such Confidential Material and all copies thereof to counsel for Plaintiff or Defendant, as appropriate, upon the conclusion of the Expert's assignment or retention; and

-9-

      iii.    not to disclose such Confidential Material to anyone, except as permitted by this Order; and to use such Confidential Material and the information contained therein solely for the purpose of rendering expert witness services to a Party to this Action, including providing testimony in this Action.

A Party that discloses any Confidential Material to an expert shall maintain a file of all executed Agreements to Abide by Protective Order in the form attached hereto. Unless good cause is shown, the Party shall not be required to disclose to the other Party the identity of experts with whom it has shared Confidential Material.

      6.    <u>Use of Confidential Material at Depositions</u>.

The portions of any deposition transcript that Counsel for any Party has designated on the record at the deposition as confidential and any Confidential Material that is marked as a deposition exhibit shall be treated as Confidential Material.  Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Material for twenty (20) days after the transcript is delivered to the Parties' Counsel.  During that 20-day period, either Party's Counsel may designate via letter to all counsel, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Confidential Material.

      7.    <u>Challenging Confidentiality Designations</u>.

In the event that any Party disagrees with the designation of any item as confidential and subject to this Protective Order, that Party will send a written notice to counsel of record specifying the item in question and the reason(s) that the Party believes the item does not fall within the definitions of Confidential Material contained in this Order.  The parties will attempt in good faith to resolve any disagreement over the confidentiality of the item.  Should the parties fail to reach

agreement, the Producing Party may, within 45 days of receiving a written notice specifying the items in question, file a Motion to Preserve Confidential Status.  Any item in dispute will continue to be treated as confidential and subject to this Order until such time as the court rules that it is not.  Should the Producing Party fail to file, within 45 days of receiving such written notice, a motion with the court to preserve the confidential status of such documents, the documents will be deemed not confidential.

      8.      <u>Inadvertent Disclosure of Confidential Material</u>.

      a.      The inadvertent or unintentional disclosure by any Party of Confidential Material, regardless of whether that information was so designated at the time of the disclosure, shall not constitute a waiver of any otherwise valid claim of confidentiality, either as to the specific information disclosed or as to any other information related to the same subject matter.  The Producing Party will notify the Receiving Party within fifteen days of the discovery of the inadvertent or unintentional disclosure.  At such time, arrangements shall be made for the Producing Party appropriately to mark such material in accordance with this Order.  The Receiving Party must treat the inadvertently disclosed information or unmarked documents as Confidential Material, promptly return the inadvertently disclosed and unmarked documents and things to the extent practicable, and take reasonable steps to retrieve the information if the party disclosed it before being notified.

      b.      Should any Confidential Material be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party will (a) use its best efforts to obtain the return of the Confidential Material and to bind such person or party to the terms of this Protective Order, (b) within three business days of the

discovery of such disclosure, inform such person or party of this Protective Order, (c) within five business days of the discovery of such disclosure, identify such person or party to the Producing Party; and (d) request such person or party to sign the Agreement To Abide By Protective Order in the form attached hereto.

9. Purpose.

This Order is entered for the purpose of preventing unnecessary disclosure of Confidential Material and facilitating the exchange of documents and information between the parties to this Protective Order.  Nothing in this Confidentiality Order nor the production of any information or documents under the terms of this Confidentiality Order shall be deemed to have the effect of any admission or waiver, including an admission that designated information is either admissible at trial or of any evidentiary value whatsoever, and including waiver under the rules of evidence, by either party or other subscriber to this Protective Order, or of altering any existing obligation or any Party or other subscriber, or the absence of such obligation.

10. Conclusion of Litigation.

Upon conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Materials subject to this Order shall assemble and destroy or return all Confidential Materials to the Producing Party.  No originals, copies, summaries, or other embodiment of any such Confidential Materials will be retained by any person or entity to whom disclosure was made.  As a federal agency, the Equal Employment Opportunity Commission is required to maintain litigation files and materials for at least three (3) years from the final resolution of completed litigation.  The Commission is exempted

from Paragraph 7 to the extent it conflicts with the Commission's federal agency record-keeping requirements.

11. <u>Privilege</u>.

Nothing in this Protective Order shall constitute a waiver of the attorney-client, attorney work product, or trial preparation privileges or otherwise limit any Party's right or ability to object to the scope of discovery or to any particular discovery request in this litigation. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying generally on his or her examination of confidential items.

**IT IS SO ORDERED** this 23rd day of August, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE