IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                                    PLAINTIFF

v.                                             Case No. 2:11-CV-02184

BIG LOTS STORES, INC.                                                                                  DEFENDANT

### CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("the Commission") and Defendant Big Lots Stores, Inc. enter into this Consent Decree ("Decree") to resolve this case.

The Commission filed this lawsuit on September 28, 2011, to remedy alleged unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, (Title VII) and Title I of the Civil Rights Act of 1991. In the Complaint, the Commission alleges that Defendant subjected Lacey Deaton and a class of other female employees working at its Fort Smith, Arkansas store, located at 4900 Rogers Avenue ("Fort Smith Store"), to unlawful sexual harassment. Defendant denies the allegations contained in the Commission's Complaint.

This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaint. The Commission and Defendant have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referred to herein. No waiver, modification, or amendment

-1-

of any provision of this Decree will be effective unless made in writing.  The parties have made no representations or inducements to compromise this action, other than those recited or referenced in this Decree.

### I.  JURISDICTION

1. This Court has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement.

2. No party will contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

### II.  SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 2:11-CV-02184, alleging unlawful employment practices by Defendant based on Charge No. 846-2010-75680 filed by Lacey Deaton.  Notwithstanding any provisions contained herein, this Decree will not be considered in any manner to be dispositive of any charges now pending before any office of the Commission other than Charge No. 846-2010-75680.

4. The Effective Date of this Decree is today, November 26, 2012. The provisions of this Decree become immediately effective and binding upon the parties to this lawsuit for one year after the Effective Date of this Decree.

### III.  OTHER RELIEF

5. Defendant, through its managers and supervisors, will not subject any employee to a sexually hostile work environment at the Fort Smith Store.

## IV.  POLICIES AND PROCEDURES

6. Defendant will redistribute its Harassment-Free Environment Policy to all employees employed at the Fort Smith Store as of the Effective Date.  Defendant will require all such employees to sign an acknowledgment of receipt of the redistributed Policy.

## V.  TRAINING

7. Defendant will provide a mandatory training program regarding sexual harassment and retaliation under Title VII to all employees working at the Fort Smith Store as of the Effective Date.  Within 60 days of the Effective Date, Defendant will provide an outline to the Commission which generally describes the substance of the training and where and when the training will take place.  The Commission must approve the training outline prior to the beginning of the training. Defendant will conduct the actual training within 60 days of receipt of the Commission's approval of the outline.

8. Defendant will conduct the training in person. Defendant's Regional Human Resources Director will also appear in person at this training to advise participants of Defendant's Harassment-Free Environment Policy regarding sexual harassment and retaliation.

9. The training will include the following:

   (a) The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

   (b) A discussion of sexual harassment, including what constitutes sexual harassment;

   (c) A discussion of how to prevent, identify, and remedy sexual harassment;

    (d)    A discussion of each person's responsibility, both management and non-management, in reporting sexual harassment; and

    (e)    A discussion of what constitutes retaliation under Title VII.

## VI. INDIVIDUAL RELIEF

10.    Subject to the entry of this Decree and receipt of all Releases described in Paragraph 11 below, Defendant will pay a total of $155,000.00 to be divided between Lacey Deaton, Tasha Martinez, Rebecca Ehrlich, and Kathryn Lewis ("Class Members") in full and final settlement of the claims brought under the Commission's Complaint.  Within five business days of the entry of this Decree, the Commission will provide instructions to counsel for Defendant on how to allocate and distribute the settlement amount.

11.    Within 30 business days of the latter of 1) the Effective Date; and 2) Defendant's receipt of a Release from all four Class Members, Defendant will separately mail checks, via certified mail, to each Class Member at the addresses to be provided by the Commission. Concurrently, copies of the checks and any cover letter will be mailed to the Commission at the address below.  The form of the Release is one that has been agreed to by the parties.

12.    Late payment of checks will be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

13.    Defendant will individually issue the Class Members an IRS Form 1099 for the compensatory damages amounts.

14.    Defendant will supply neutral employment information in response to any inquiries or reference checks regarding the Class Members.  Class Members must direct anyone seeking a reference to "The Work Number" at www.theworknumber.com or 1-800-367-5690.  The Work

Number will verify employment at Defendant, and where requested, a Class Member's income. Instructions for proper access to The Work Number will be provided to the Class Members as agreed to by the parties. No mention of the charge of discrimination or this litigation will be made as part of the information provided by The Work Number. The parties acknowledge that Defendant will not be considered to have breached this paragraph of the Decree if a Class Member fails to direct a prospective employer to The Work Number.

### VII.  RECORDKEEPING AND REPORTING PROVISIONS

15. Defendant will maintain records of any complaints of sexual harassment involving any of its employees at the Fort Smith Store. These records must include the names, addresses, and telephone numbers of the applicant or employee making the complaint. These records must also contain the date of the report or complaint, a detailed description of the allegations made, the names of any witnesses, the name and position of the alleged harasser, and what actions, if any, Defendant took to resolve the complaint.

16. Defendant will make one report to the Commission within 11 months of the Effective Date of this Decree to the Commission at the address below. The report must contain a summary of the information recorded by Defendant pursuant to Paragraph 15 above; a record of attendance at the training program required by Paragraphs 7-9 above; and a certification by Defendant that the Notice required to be posted by Paragraph 18 below remained posted during the time period preceding the report.

## VIII. MONITORING

17.     For the duration of this Decree, Defendant will provide access to the records of complaints of harassment described in Paragraph 15 to the Commission within 10 business days of a written request directed to counsel for Defendant.

## IX. NOTICE

18.     Within five business days of the Effective Date of this Decree and for the duration of this Decree, Defendant will post at the Fort Smith Store a laminated 11" x 14" copy of the Notice that has been agreed to by the parties.  The Notice will be posted in a conspicuous place where notices to applicants and employees are customarily posted at the Fort Smith Store.

19.     Defendant must also keep posted the notice required by Title VII, 42 U.S.C. § 2000-10, in a conspicuous place where notices to applicants and employees are customarily posted at the Fort Smith Store.

## X. NOTIFICATION OF SUCCESSORS

20.     For the duration of this Decree, Defendant will provide notice and a copy of this Decree to any entity that acquires Defendant through assignment, merger, or otherwise.  Any successor entity or entity surviving a merger or consolidation will be fully liable for complying with the terms of the Decree.

## XI. ENFORCEMENT

21.     If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree.  The Commission will provide 10 days notice to Defendant of any deficiency in complying with the terms of this Decree.  If the parties are unable to

reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

## XII.  MISCELLANEOUS PROVISIONS

22.     Each party to this Decree will bear its own costs, attorney fees, and expenses in this lawsuit.

23.     When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

24.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be mailed to:  Big Lots Stores, Inc. Title VII Settlement, Equal Employment Opportunity Commission, c/o Pamela Dixon, 820 Louisiana St. Suite 200, Little Rock, AR 72201.

**IT IS SO ORDERED** this 26th day of November, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE